IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID D. CATALANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 03-3087-CV-S-DW-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On February 10, 2004, at the request of the Commissioner of Social Security, this Court remanded the above-captioned case. Subsequently, the Court awarded Plaintiff's attorney $3,940.43 in fees and expenses under the Equal Access to Justice Act. Upon remand, Plaintiff received a favorable decision and was awarded $55,520.00 in retroactive benefits.

Before the Court now is Plaintiff's Motion for Approval of Attorney Fees under 42 U.S.C. § 406(b). Plaintiff and his counsel had previously entered into a contingency agreement where Plaintiff agreed to pay counsel up to 25% of back due Social Security Benefits. The contingency agreement would permit Plaintiff's counsel a fee of up to $13,880.00. The Social Security Administration withheld $4,000.00 in attorney's fees for payment of services before that agency. Accordingly, Plaintiff's counsel now seeks an award of $9,000 for his work in front of this Court.

The Court's role in cases such as this is to "review [the contingency] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel here seeks $9,000 for 18.95 hours of work before this Court. This results in a fee of approximately $474.93 per hour. In his previous application to the Court, Plaintiff's attorney argued that a reasonable attorney's fee was $149.63 per hour. The Court thus finds that the contingency arrangement in this case results in an unreasonably large fee. Accordingly, and with respect to the contingency fee arrangement, the Court reduces Plaintiff's award by $3,000 and awards Plaintiff's counsel $6,000 in fees under section 406(b) of the Social Security Act. Gisbrecht, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

Further, as Plaintiff's counsel notes in his Motion, where fees are awarded for the same work under both the EAJA and the Social Security Act, the smaller of the two fees must be refunded to the Plaintiff. The Court therefore ORDERS Plaintiff's counsel to return the prior award of $3,940.43 to Plaintiff.

/s/ DEAN WHIPPLE

Dated: April 9, 2008     Dean Whipple

United States District Court Judge